UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUSTIN GAJ, Derivatively on Behalf of WYNN RESORTS, LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. WYNN et al.,<br><br>Defendants. | Case No. 2:19-cv-505-KJD-DJA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment (#115). Plaintiff responded in opposition (#121) to which Defendants replied (#124).

I.  Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

II.  Analysis

This case arises from the same facts as the other shareholder derivative suit against Wynn Resorts in front of this Court. The facts and analysis of the Court's order denying Defendant Dustin Gaj's ("Gaj") motion to intervene in Broussard v. Hagenbuch, No. 2:18-cv-0293-KJD-DJA, are incorporated into this order. Neither party alleges that there are any genuine issues of material fact. In Broussard, the Court determined that Gaj was not entitled to intervention to the other derivative action. Additionally, the Court found that the state-court settlement was valid and negotiated by competent counsel. The parties considered the claim Gaj brought in this action when coming to a settlement agreement. Because the state-court settlement dismissed all other pending state or federal claims, including Gaj's, the Court grants summary judgment for Defendants.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#115) is **GRANTED**.

Dated this 12th day of January, 2021.

Kent J. Dawson
United States District Judge